## HUNTER v. JASPER COUNTY.

1. **Pauper**: MEDICAL SERVICES FOR. The Board of Supervisors has no right to prescribe the rule that a bill for medical services rendered a pauper shall only be allowed at a regular meeting of the township trustees.

2. ———: ———. When no limit has been fixed for such services, the trustees must allow a reasonable compensation.

*Appeal from Jasper Circuit Court.*

TUESDAY, JUNE 15.

THE plaintiff, a physician, commenced his action before E. W. Mitchell, a justice of the peace, for the recovery of $15.00, on account of professional services rendered to Mrs. Lusk, in October, 1873. The account was properly sworn to, and the township trustees certified to it as follows: "We, the trustees of Palo Alto township, hereby certify that we employed Dr. H. E. Hunter, to render the services claimed in his above bill, and at the price claimed, and recommend the payment of the same."

The defendant filed an answer containing the following averments:

"Fourth Count. Defendant further says that all claims such as plaintiff sues on, should, by a resolution of the Board of Supervisors of Jasper county, passed March 6th, 1872, be allowed by the board of township trustees at a regular session thereof. That said resolution was in words and figures following, to-wit: 'Resolved by the Board of Supervisors of Jasper county, Iowa, that no bill for medical services to paupers will be allowed by the board, unless the same is rendered under contract with the township trustees, and said bill must be allowed at a regular meeting of the township trustees, and be accompanied with a certificate from said trustees that the services were performed under contract with them.'" This count further alleges a violation of the provisions of this resolution.

"Fifth Count. Defendant further says that the Board of

Supervisors of said county have offered to said plaintiff all that the services were worth, and have limited the amount of relief to nine dollars."

"Eighth Count. Defendant further says defendant has in operation a poor house within Jasper county, defendant herein, and that by reason thereof the discretion of payment, or refusal, as well as amount, is subject entirely to the action of the Board of Supervisors of Jasper county, aforesaid, which discretion has been exercised as aforesaid."

A demurrer to these counts of the answer was sustained, and judgment entered for plaintiff for the amount claimed.

Upon writ of error to the Circuit Court, the judgment of the justice was affirmed. Defendant appeals.

*Ryan Bros.*, for appellant.

*Winslow & Wilson*, for appellee.

DAY, J.—I. The services in question were rendered since the Code of 1873 went into operation. The provisions applicable to the questions presented are as follows: "The township trustees of each township shall provide for the relief of such poor persons in their respective townships as should not in their judgment be sent to the county poor house. * * * * * The relief may be either in the form of food, rent, or clothing, fuel and lights, medical attendance, or in money, and shall not exceed two dollars per week, for each person for whom aid is thus furnished, exclusive of medical attendance. When medical services are rendered by order of the trustees or overseers of the poor, no more shall be charged or paid therefor than is usually charged for like services in the neighborhood where such services are rendered." Code, Sec. 1361.

1. PAUPER: medical services.

"All moneys expended as contemplated in the two preceding sections, shall be paid out of the county treasury, after the proper account rendered thereof shall have been approved by the Board of Supervisors of the respective counties, and in all cases the necessary appropriations therefor shall be made by the respective counties. But the board of supervisors may

limit the amount of relief thus to be furnished." Code, Sec. 1363.

" All claims and bills for the support of the poor shall be certified to be correct by the proper trustees, and presented to the Board of Supervisors, and, if they are satisfied that they are reasonable and proper, they are to be paid out of the county treasury." Code, Sec. 1366.

These provisions do not require the certificate of the township trustees to be made at a regular meeting of the board. Has the Board of Supervisors power to superadd such a requirement? The authority to do so is claimed under subdivision 22, of section 303, Code of 1873, conferring upon the board of supervisors power " To make such rules and regulations, not inconsistent with law, as they may deem necessary for the government of their body, the transaction of business, and the preservation of order." It is quite apparent that this simply confers upon the board power to make rules and regulations respecting the government of their own body, and the transaction of their own business. It does not authorize them to prescribe that another body or board must transact its business in a manner different from that which the general law on the subject contemplates and authorizes. When a Board of Supervisors establishes a rule for its action, which inhibits it from allowing a claim unless it is certified to in a manner different from that which the law on the subject requires, it makes a rule which is inconsistent with the law, and, therefore, under the above provision, not authorized. We can discover no authority for the' resolution in so far as it requires bills for medical services to be allowed at a regular meeting of the township trustees. This is the only provision of the resolution which appellant, in his argument, insists has been disregarded. It seems to be conceded that the services in question were rendered under contract with the township trustees as stated in their certificate.

II. The fifth and eighth counts may be considered together. They contain no defense, and the demurrer to them

2. ———: . was properly sustained. The township trustees have authority, under section 1361 of the Code of

1873, to provide relief for poor persons, who in their judgment should not be sent to the poor house. When this has been done, the board has no authority arbitrarily to limit the amount to be paid. They may, under section 1363, before relief is furnished, establish a limit upon the amount to be furnished. But, when such limit has not been established they must allow the reasonable value of the services rendered. Nor is it any defense that the board have offered to plaintiff all his services were worth. No tender is pleaded, and under this count proof of the fact alleged would not defeat plaintiff's right to recover both the value of his services and the costs of the action.

We discover no error in the sustaining of the demurrer.

AFFIRMED.